IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01729-BNB

LILLIAN GALVAN,

Applicant,

v.

UNITED STATES COURT OF APPEALS,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant Lillian Galvan, a federal prisoner currently housed at the Federal Correctional Camp in Adelanto, California, initiated the instant action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. She also submitted to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action but failed to attach a certified copy of her prisoner trust fund account statement. On August 14, 2008, Magistrate Judge Craig B. Shaffer entered an order instructing Ms. Galvan to submit an account statement. On September 11, 2008, Ms. Galvan filed a certified copy of her trust fund account statement that showed she had $140.92 in her inmate account. The Court denied Ms. Galvan leave to proceed pursuant to § 1915 and directed her to pay the $5.00 filing fee. On October 21, 2008, Ms. Galvan paid the fee.

The Court must construe the Application liberally because Ms. Galvan is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Upon review of the Application, the Court finds that Ms. Galvan has submitted the Application on behalf of her husband, Mr. Humberto Galvan. Even if the Court were to consider allowing "next friend" standing in the instant Application, Ms. Galvan does not meet all the requirements. To be allowed "next friend" standing a person must set forth some reason or explanation for the necessity of having to use a next friend. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978). Also, the next friend must be truly dedicated to the best interest of the person on whose behalf she seeks to litigate. *Whitmore*, 495 U.S. at 163-64; *Hays v. Murphy*, 663 F.2d 1004, 1008-09 (10th Cir. 1981).

Although Ms. Galvan may meet the requirements in part, as she truly may be dedicated to the best interest of her husband, she may not file an application for writ of habeas corpus on behalf of her husband if he is able to file the application. *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990). Ms. Galvan fails to set forth an adequate reason or explanation of the necessity for having to resort to the "next friend" device. She fails to assert any reason why her husband is not able to appear and prosecute the Application on his own behalf.

Furthermore, Mr. Galvan filed a § 2241 action in this Court seeking relief from his pending removal from the United States. *See Galvan v. United States*, No. 08-cv-01777-ZLW (D. Colo. Oct. 9, 2008). The action was transferred to the federal district court located where Mr. Galvan is incarcerated, because 28 U.S.C. § 2241 actions are to be filed in the district court located where an inmate is incarcerated.

Based on the above findings, the Court is without jurisdiction to consider the Application, and the action will be dismissed.

The Court also notes that the instant Application is the second 28 U.S.C. § 2241 action Ms. Galvan has filed in this Court attempting to challenge her husband's deportation. As Ms. Galvan was instructed in the first § 2241 action, *Galvan v. United States*, No. 08-cv-01097-ZLW (D. Colo. June 18, 2008) (unpublished), and again in this Order, she does not meet the requirements to be considered for "next friend" status. Furthermore, even if she did meet the requirements, a § 2241 action filed on behalf of her husband more properly is filed in the district court that is located where he is incarcerated. Ms. Galvan is instructed to refrain from filing any further § 2241 actions in this Court challenging her husband's deportation. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 29 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01729-BNB

Lillian Galvan
Reg. No. 32894-013
FCC - Victorville
PO Box 5100
Adelanto, CA 92301

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk